USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __5/4/2025__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                         Plaintiff,

-against-

THIERRY ANTOINE

                         Defendants.

No. 23-CR-305-2

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

    Thierry Antoine ("Defendant") was charged on June 26, 2023, with (1) conspiracy to commit Hobbs Act robbery in violation 18 U.S.C. § 1951 ("Count One"); (2) Hobbs Act robbery in violation of 18 U.S.C. §§ 1951 and 2 ("Count Two"); (3) use, carrying and possession of a firearm in furtherance of a crime of violence, namely, Hobbs Act Robbery, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and (ii) and 2 ("Count 3") (the "Indictment," ECF No. 2).

    The case proceeded to a jury trial, which commenced November 6, 2024, and concluded on November 13, 2024, where Defendant was convicted on all three counts except as to the charge of brandishing under Count Three.

    Before the Court are motions filed by Defendant seeking, in sum and substance an acquittal on Counts One, Two, and Three of the Indictment pursuant to Rule 29, Fed. R. Crim. P. ("Antoine Mot.," ECF No. 75.)

    For the reasons set forth below, the Defendant's motion is denied in its entirety.

## BACKGROUND

The following facts, unless otherwise noted, are taken from the June 26, 2023 Indictment and the parties' memoranda of law submitted in connection with the instant motion.

**The Indictment**

The Indictment avers that on or about December 16, 2019, the Defendant and Carlens Paul ("Paul"), knowingly combined, conspired, confederated, and agreed together with each other to commit robbery and would and did thereby obstruct, delay, and affect commerce, and conspired to commit a gunpoint home invasion robbery of the residence of a marijuana dealer in Spring Valley, New York.

**Counts One, Two and Three of the Indictment**

Thereafter, Defendant was charged in the three-count Indictment on June 26, 2023. Counts One, Two and Three, in relevant part, state as follows:

Count One: Hobbs Act Robbery Conspiracy

> "On or about December 16, 2019, in the Southern District of New York and elsewhere . . . [the Defendant,] THIERRY ANTOINE, a/k/a "Gutta," . . . and others known and unknown, knowingly combined, conspired, confederated, and agreed together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 195l(b)(l), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951 (b)(3), to wit . . . ANTOINE, and others conspired to commit a gunpoint home invasion robbery of the residence of a marijuana dealer in Spring Valley, New York."

Count Two: Hobbs Act Robbery

> "On or about December 16, 2019, in the Southern District of New York elsewhere . . . [the Defendant,] THIERRY ANTOINE, a/k/a "Gutta," and [others known and unknown,] . . . knowingly committed robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(l), and thereby obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and aided and abetted the same, to wit . . . ANTOINE, and others participated in a gunpoint home invasion robbery of the residence of a marijuana dealer in Spring Valley, New York."

Count Three: Firearms Use, Carrying and Possession

"On or about December 16, 2019, in the Southern District of New York and elsewhere . . . [the Defendant,] THIERRY ANTOINE, a/k/a "Gutta," and [others known and unknown] . . . during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the Hobbs Act robbery charged in Count Two of this Indictment, knowingly used and carried a firearm, and in furtherance of such crime, possessed a firearm, and aided and abetted the use, carrying, and possession of a firearm, which was brandished."

Based on the foregoing, Defendant seeks an acquittal on Counts on One, Two and Three of the Indictment pursuant to Rule 29, Fed. R. Crim. P. on the basis of insufficient evidence.

## POST-TRIAL PROCEEDINGS

On November 13, 2024, at the close of trial, Defendant orally moved for a judgement of acquittal pursuant to Fed. R. Crim. P. 29 on the grounds that the Government failed to provide sufficient evidence. After trial, on January 5, 2025, Defendant filed a written motion for a judgement of acquittal alleging evidentiary issues at trial. The Government filed its opposition to Defendant's motion on January 27, 2025 ("Opp.") (ECF No. 87).

## RELEVANT LAW

*Federal Rules of Criminal Procedure, Rule 29*

Rule 29 provides that after the close of the Government's evidence in a criminal trial, on the defendant's motion, the Court "must enter a judgement of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29. The rule permits a defendant to move for a judgement of acquittal within fourteen days of a guilty verdict or the Court's discharge of the jury, whichever is later. Fed. R. Crim. P. 29(c)(1). On such a motion, the Court must enter a judgement of acquittal on grounds of insufficient evidence if it concludes that no rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Fed. R. Crim. P. 29(a), (c); *United States v. Jackson*, 335 F.3d 170, 180 (2d Cir. 2003) (citing *United States v. Reyes*, 302 F.3d 48, 52 (2d Cir. 2002)). This standard imposes a heavy burden on the defendant, as a conviction must be

otherwise affirmed. When assessing the sufficiency of the evidence, the Court must view the evidence in the light most favorable to the government and draw all reasonable inferences in its favor. *United States v. Puzzo*, 928 F.2d 1356, 1361 (2d Cir. 1991).

## DISCUSSION

I.  **Rule 29 Motion for a Judgement of Acquittal**

Defendant argues he should be acquitted of Hobbs Act Conspiracy (Count One), Hobbs Act Robbery (Count Two) and possession of a firearm in furtherance of a crime of violence (Count Three) because "proof of Antoine's involvement in the robbery was so thin as to render it insufficient as a matter of law to sustain the convictions." (Mot. p. 2.) Defendant's argument principally rest on the argument that the Government's evidence relied upon to prove that Defendant was an active participant and co-conspirator in the robbery was not credible. (Mot. p. 5.)

The Court does not find Defendant's arguments persuasive and denies Defendant's motion in its entirety.

A.  *Question of Credibility under Rule 29*

1.  *The Court is to Defer to the Jury's Determination of Credibility*

It is well-established that "[i]t is not for the court on a Rule 29 motion to make credibility determinations." *United States v. Autuori*, 212 F.3d 105 (2d Cir. 2000). The Court is not allowed to substitute its "own determinations of credibility or relative weight of the evidence for that of the jury." *Id.* at 115. Indeed, "a trial judge [is] not entitled to set aside [a] guilty verdict simply because he would have reached a different result if he had been the fact-finder." *United States v. Cunningham,* 723 F.2d 217, 232 (2d Cir. 1983). "[T]he court must be careful to avoid usurping the role of the jury." *United States v. Guadagna,* 183 F.3d 122, 129 (2d Cir. 1999).

The Court's sole role is to "determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a

4

reasonable mind might fairly conclude guilt beyond a reasonable doubt." *United States v. Mariani,* 725 F.2d 862, 865 (2d Cir. 1984) (quoting *United States v. Taylor,* 464 F.2d 240, 243 (2d Cir. 1972)).

        2.      *The Jury was Entitled to Credit the Testimony of Jimmy Abellard and Fabrice Stinfil*

Defendant's argument reasons that the Government only met its burden of proof by relying on the testimony of two cooperating witnesses, Jimmy Abellard and Fabrice Stinfil. Specifically, the Defendant argues that "[b]ut for their testimony, there is little doubt that the government could not even come close to sustaining their burden of proof." (Mot. p. 2.)

Defendant argues the jury should not have relied and the Court should not rely on their testimony because "both of [the cooperating witnesses] had motive to lie about [Defendant's] involvement." (*Id.*) Crucially, this does not function as an argument that the jury lacked a reasonable basis that Defendant was more than just merely present at the time of the robbery; rather, it argues that the jury was wrong to credit Abellard and Stinfil's testimony because they potentially had a motive to lie. This cannot be the basis for entering a judgement of acquittal, as courts must "defer to the jury's resolution of witness credibility … [and] to its selection between competing inferences." *United States v. Tocco,* 135 F.3d 116, 123 (2d Cir. 1998).

The Court finds *Autuori* particularly instructive. Therein, the Second Circuit held that the district court impermissibly weighed evidence where the district court discounted witness testimony proffered by the Government because of perceived conflicts and contradictions in the testimony. *Autuori,* 212 F.3d 105 at 117. The Court noted that the Plaintiff "had the opportunity to convince the jury that [the witness] was not credible," that a Rule 29 motion was not the appropriate basis for vacating the jury's determination of credibility simply because the Plaintiff disagreed with the jury's

5

conclusion, and therefore declined to disturb the jury's crediting said witness testimony. *Autuori*, 212 F.3d 105 at 118.

The Court must reach the same conclusion as the *Autuori* court. Here, like in *Autuori*, the Defendant had the chance to assail the credibility of the cooperating witnesses; once the Defendant presented such arguments, it was entirely up to the jury to decide how much credence to give to the testimony of Abellard and Stinfil. That Defendant disagrees with the jury's decision to ultimately credit the testimony of Abellard and Stinfil is insufficient to enable the Court to vacate the verdict and enter a judgement of acquittal under Rule 29. To do so would be to substitute the jury's judgement for the Court's, which is flatly impermissible under controlling precedent. *Guadagna,* 183 F.3d 122 at 129. Therefore, because the jury was entitled to rely on the testimony of Abellard and Stinfil, and, per *Autuori* and *Guadagna*, the Court must defer to the jury's determination of credibility, the Court must find Defendant's argument for a judgement of acquittal to be without merit and declines to grant Defendant's Rule 29 motion.

## **CONCLUSION**

For the foregoing reasons, the Court DENIES Defendant's motion in its entirety. More specifically, the Court denies Defendant's motion seeking an acquittal on Counts One, Two, and Three of the Indictment pursuant to Fed. R. Crim. P. 29. The Court respectfully directs the Clerk of the Court to terminate the motion at ECF No. 75.

Dated: May 4, 2025
    White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge